**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------- X

MYTH CLOTHING COMPANY, INC., a New
York
Corporation,

                    Plaintiff,

     -Against-

DARUK IMPORTS, INC. a New York
Corporation; RAINBOW USA, INC, a New
York Corporation and DOES 1-10
                      Defendants.

--------------------------------------- X

:
:
:
:
:
:

**Case No.: 18-7187**

**PLAINTIFF'S COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT;**
2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
3. **UNFAIR COMPETITION;**
4. **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

Plaintiff, Myth Clothing Company, Inc. ("Myth"), for its Complaint against Daruk Imports, Inc. ("Daruk" or "Defendant") and Rainbow USA, Inc ("Rainbow") (hereafter collectively "Defendants"), by its undersigned counsel, Kakar, P.C.., hereby prays to this honorable Court for relief based on the following:

<u>**NATURE OF THE ACTION**</u>

1.     This is an action for copyright infringement against the Defendants under the Copyright Act of 1976, 17 U.S.C. § 101, <u>et seq</u>., for their unauthorized reproduction, manufacture, sale, distribution and/or advertising of apparel that infringes Plaintiff's original copyright design. Further, this action by Plaintiff is for unfair competition and tortious interference with business relations violations by Daruk, both of who—based on information and belief—are competitors in the women's wholesale apparel market.

<u>**PARTIES**</u>

2.     The Plaintiff, Myth, is a corporation organized and existing under the laws of the State of New York with its principle place of business at 525 Seventh Avenue, Suite 1010, New York, New

York 10018. Plaintiff is in the business of developing, procuring and selling garments to national and international retailers for profit.

3.      Upon information and belief, Defendant Daruk is an entity organized and existing under the laws of the State of New York, with its principle place of business at 1410 Broadway, Suite 1203, New York, NY 10018. Upon information and belief, Urban Suburban is in the business of designing, manufacturing, sourcing, assembling, importing, distributing, advertising and/or selling garments.

4.      Upon information and belief, Daruk is an entity organized and existing under the laws of the State of New York, with its principle place of business at 1410 Broadway, Suite 1203, New York, NY 10018. Upon information and belief, Daruk is in the business of designing, manufacturing, sourcing, assembling, importing, distributing, advertising and/or selling garments.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Rainbow U.S.A., INC. ("RAINBOW") is a New York corporation, with its principal place of business located at 1000 Pennsylvania Avenue Brooklyn, New York 11207, and is doing business in and with the state of New York.

6.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION

8.      This Court has personal jurisdiction over the Defendants by virtue of their systematic and continuous transaction of business and commission of tortious acts within the State of New York pursuant to New York C.P.L.R. §§ 301 and 302.  Further, Defendants are New York corporations with its principle place of business in the Southern District of New York.

9.      Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, and 28 U.S.C. § 1338(a), giving this Court original and exclusive jurisdiction in a civil action arising under the copyright laws of the United States. This Court also has supplemental jurisdiction over all other claims pursuant 28 U.S.C. § 1367.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), in that this is the judicial district in which a substantial part of the acts, omissions, and injury to Plaintiff occurred, giving rise to the claims herein.

## FACTUAL BACKGROUND

11.     Plaintiff is a fabric wholesaler/supplier engaged primarily in the apparel industry for imported and domestic fabrications. Plaintiff creates, or purchases and obtains, exclusive rights

to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry in the United States.

12.     By and through its efforts of acquisition and creation, Plaintiff owns several designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business fitness and competitiveness is underscored by its ownership of these designs; such that Plaintiff spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.

13.     Clients of Plaintiff and members of the apparel community, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce Plaintiff's sampled designs should the sampling party wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, and/or use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.

14.     Plaintiff Myth is in the business of developing, procuring and selling garments to national and international retailers for profit. Plaintiff owns an original two-dimensional textile artwork for the purpose of placing the said original artwork on garments. Plaintiff internally labeled the artwork as Print Number 9B/ Design Code: 36-1320CS (hereafter "No.9B").

15.     Plaintiff applied for and was granted copyright registration for No. 9B; for which it received Copyright Registration Certificate No. VA 2-069-664 (hereafter "Subject Design"). The Registration is valid and living.

16.     No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.

4

17.     Upon information and belief, Defendants have access to the Subject Design and/or No. 9B, including without limitations: (a) access through Plaintiff's showroom; (b) access through authorized and unauthorized copies (in digital and hardcopy format); (c) access through fit samples, sales samples, swatches, paper CADs and other samples from Plaintiff; (d) access through their customers and/or suppliers, and/or (e) access through product bearing the Subject Design rightfully and legally sold to retailers.

18.     Upon information and belief, beginning after the issuance of the Copyright Registration underscoring Plaintiff's ownership in No. 9B, and continuing to date, Defendant Daruk manufactured, acquired and/or sold, or caused to be manufactured and/or sold or offered for sale product containing a design that is identical or substantially similar to Plaintiff's copyrighted Subject Design, thereby infringing on Plaintiff's rights in the Subject Design.

19.     Upon information and belief, beginning after the issuance of the Copyright Registration underscoring Plaintiff's ownership in No. 9B, and continuing to date, Defendants sold, offered for sale, advertised and/or distributed product containing a design that is identical or substantially similar to Plaintiff's copyrighted Subject Design without authority or license from Plaintiff, thereby infringing on Plaintiff's rights in the Subject Design.

20.     Plaintiff discovered Defendants' infringement on or about May 2018, when a garment for sale at a Rainbow store that bears Plaintiff's Subject Design but was made, procured, distributed, solicited, and/or supplied by Daruk was purchased at retail ("Accused Design" or "Accused Garment"). Plaintiff conducted due diligence to ensure that the Accused Design was not supplied or authorized to be supplied by Plaintiff to Defendants.

21.     The Accused Garment bears Federal Trade Commission ("FTC") Registered Identification Number ("RN") 153067.

5

22.     A true and correct copy of the Accused Design is set forth herein.

23.     An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

SUBJECT DESIGN                                          ACCUSED DESIGN

   

24. Rainbow issued a purchase receipt, given transaction number 364720, for the purchased of the product bearing the Accused Design, which is identifiable by SKU number 0024583387.

25. It is currently unknown as to specifically when Rainbow and/or Daruk began developing, importing, manufacturing, advertising and/or selling the Accused Garment and/or other products infringing Plaintiff's copyrights, but these facts will be established in discovery.

26. Upon information and belief, Defendants, each of them individually and/or collectively, had knowledge that the art-work rendered on the Accused Garments was not owned by the

Defendants and/or authorized for use by the Defendants, each of them individually and/or collectively.

27. Defendants' knowingly, willfully, and in bad faith, offered for wholesale and/or retail, advertised, manufactured, supplied, and/or distributed the Accused Product, for the purposes of profit, and thereby misappropriating to themselves the benefits of Plaintiff's investment, intellectual property, and work.

28. Daruk, as a direct competitor of Myth, misappropriated intellectual property it knew it did not own, namely Myth's Subject Design, and in bad faith, solicited and sold for profit product bearing the Subject Design directly to customers Myth sells the same or similar product to, namely Rainbow.

**COUNT I**
**(<u>Copyright Infringement Against All Defendants and Each of Them</u>)**

29. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 29 hereof as if fully set forth herein in their entirety.

30. Defendants had no authority or license from Plaintiff to reproduce, distribute and/or sell any goods, including the Accused Garment, containing the copyrighted Subject Design.

31. Upon information and belief, Defendants have profited from sales of the Accused Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's copyrighted Subject Design.

32. Due to Defendants' acts of copyright infringement, Plaintiff has suffered substantial damages and loss to its business, and will continue to lose sales revenue from the projected sales of its own apparel rendering its own copyright registered art-work. The exact nature of Plaintiff's continued loses are to be established at trial.

7

33. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in addition to Plaintiff's actual damages, as stated under 17 U.S.C. § 504(b), in an amount to be established at trial.

35. Upon information and belief, Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, advertise and/or sell infringing product *after Plaintiff demanded that they cease and desist from engaging in same*. Plaintiff is informed and believes, and thereon alleges that Defendants' acts of copyright infringement as alleged above, were and continue to be willful and intentional, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000). 17 U.S.C. § 504(c)(2).

36. Plaintiff has been damaged by Defendants bad acts, which, upon information and belief, have been deliberate and willful. As parties in past copyright actions in this Court, Defendants are aware of copyright laws and the protections afforded under the said laws.  Defendants' intentional and willful acts, as complained of herein, will continue to injure Plaintiff and its exclusive intellectual property rights in the Subject Design.

37. By reason of the foregoing, Plaintiff is entitled to its damages, including but not limited to Plaintiff's loss of profits, and Defendants' profits derived from its sales of the infringing garment, or alternatively prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to

one hundred and fifty and thousand dollars ($150,000) for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**COUNT II**
**(<u>Vicarious And/Or Contributory Copyright Infringement Against  All Defendants and Each of Them</u>)**

38. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 37 hereof as if fully set forth herein in their entirety.

39. Upon information and belief, Daruk and Rainbow have a substantial and continuing business relation and connection that relates to the designing, development, manufacturing, importing, distributing, advertising and/or selling of garments.

40. Upon information and belief, Daruk manufactured, imported and/or sold to RAINBOW garments that infringe upon the Plaintiff's intellectual property rights in the Subject Design.

41. Upon information and belief, Rainbow had the right and ability to supervise, police, instruct and/or control the designing, development, manufacturing, importing, and subsequently Rainbow's purchase of the infringing garments.

42. Upon information and belief, Rainbow, among other conduct, designs, develops, advertises, promotes and/or sells retail Accused Garments acquired through Daruk for an obvious and direct financial interest and profit.

43. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, promoting and/or subsequent sales of infringing garments and/or other product bearing the Subject Design as alleged through this Complaint.

44. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged in this Complaint because they had the right and ability to supervise and

instruct the infringing conduct and because they had a beneficial financial interest in the infringing conduct.

45. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged in this Complaint, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

46. Due to Defendants', and each of their, acts of copyright infringement as alleged in this Complaint, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, at a minimum, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that the infringement of the Subject Design by Defendants, and each of them, was willful, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages, including a preclusion from deducting certain costs relevant to the disgorgement of Defendants' profits resulting from the alleged infringement, in addition to other just relief determined at trial.

**COUNT III**

**(Unfair Competition in Violation of New York Common Law)**

48. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 47 hereof as if fully set forth herein in their entirety.

49. Defendants have knowingly, in bad faith, and wrongfully trafficked Myth's exclusive intellectual property rights in the Subject Design, by unauthorized use of Myth's duly registered and exclusive intellectual property for profit.

50. Daruk, a direct competitor of Myth, completely disregarded Myth's intellectual property rights, misappropriated Myth's copyrighted and exclusive art-work, and in bath faith, directly solicited and profited from sales of the Accused Garment to at least one of Myth's customers.

51. Defendants have willfully violated the common law of the State of New York, and Myth has suffered, and will continue to suffer, damage to its business and intellectual property rights, and has lost substantial sales, reorders and profits.

52. Defendant's acts have caused and will continue to cause irreparable injury to Myth, and as a direct and proximate result of the foregoing, Myth has suffered damages, for which Myth seeks remedy and damages in an amount to be determined at trial.

## COUNT IV
### (Tortious Interference with Business Relations)

53. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 49 hereof as if fully set forth herein in their entirety.

54. Upon information and belief, at all relevant times, Plaintiff has maintained on-going business relations with retailers Daruk solicited and sold illegal product to (bearing art-work substantially similar to the Subject Design).

55. Daruk has interfered and interrupted Plaintiff's on-going business relations with retailers of apparel by illegally offering for sale product enhanced with Plaintiff's intellectual property.

56. Defendants', and each of them, misappropriated Myth's intellectual property to illegally and unfairly profit from the sale of the Accused Garments, and other product bearing designs substantially similar to the Subject Design.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendants and that the following relief be granted:

### *Against All Defendants*

1.      Declaring that Defendants have infringed upon Plaintiff's copyrights;

2.      Preliminary and permanently enjoining Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or article (a) bearing any design identical and/or substantially similar to Plaintiff's copyrighted Subject Design, or (b) comprising or incorporating any protectable matter copied from and substantially similar to Plaintiff's copyrighted Subject Design;

3.      Order the impoundment of the infringing goods in the Defendant's custody or control pursuant to the Copyright Act, 17 U.S.C. § 503;

4.      That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the aforementioned acts;

5.      That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, or in the alternative, if the Court deems fit, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, et seq.;

6.      That the Defendants be found to have willfully infringed upon the Plaintiffs copyrights, for which the Plaintiff be awarded statutory damages, as available under the Copyright Act, 17 U.S.C. § 504(c)(2);

8.   That Plaintiff be awarded its reasonable attorneys' fees as available by all applicable federal, state, and common laws;

9.   That Plaintiff be awarded punitive damages;

10.   That Plaintiff be awarded pre-judgment interest as allowed by the law;

11.   That Plaintiff be awarded the cost of this action;

12.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial, on all issues so triable, pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: New York, New York
August 9, 2018

Respectfully Submitted,

Kalpana Nagampalli, Esq.
Sumeer Kakar, Esq.
**KAKAR, P.C.**
525 Seventh Avenue, Suite 1811
New York, NY 10018
P: 212-704-2014
F: 646-513-3353
sk@kakarlaw.net
kalpana @kakarlaw.net
*Attorney for Plaintiff*
*MYTH Clothing Company, Inc.*